## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FIAC Corp., *et al.*,[1]<br><br><div align="center">Debtors.</div> | ) Chapter 11<br>)<br>) Case No. 16-12238 (BLS)<br>)<br>) Jointly Administered<br>) |
| West Loop South LLC and Epocs<br>Real Estate Partnership, Ltd.,<br><div align="center">Plaintiffs</div><br>v.<br><br>Secure Point Technologies, Inc.<br>(f/k/a "Implant Sciences Corporation")<br><br><div align="center">-and-</div><br><br>DMRJ Group LLC,<br><div align="center">Defendants.</div> | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Adv. Pro. No. _____<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT TO, AMONG OTHER THINGS, DETERMINE THE VALIDITY, PRIORITY, AND EXTENT OF A LIEN UPON, OR OTHER INTEREST IN, PROPERTY OF THE BANKRUPTCY ESTATE

West Loop South LLC and Epocs Real Estate Partnership**,** Ltd**.** (the "**West Loop Creditors**"), demand judgment against Debtor Secure Point Technologies, Inc., formerly known as "Implant Sciences Corporation" ("**Implant Sciences**") and DMRJ Group LLC ("**DMRJ**") as set forth below, and in support, respectfully aver as follows:

## NATURE OF THE CASE

1.      This action seeks to enforce the West Loop Creditors' rights to collect proceeds of a promissory note that was executed and delivered by Implant Sciences to DMRJ and which the

---

[1]  The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: FIAC Corp. (f/k/a IMX Acquisition Corp.) (9838); Secure Point Technologies, Inc. (f/k/a Implant Sciences Corporation) (7126); FCAC Corp. (f/k/a C Acquisition Corp.) (8021); FASIC Corp. (f/k/a Accurel Systems International Corporation) (3856).  The Debtors have stated that their headquarters are located at 215 Depot Ct. SE, Suite #212, Leesburg, VA 20175.

Debtors have scheduled as secured and undisputed.  DMRJ pledged the promissory note and all of its proceeds to secure DMRJ's guaranty of debts its parent company, Platinum Partners Value Arbitrage Fund L.P. ("**PPVA**") and predecessors in interest then owed and still owe to the West Loop Creditors.  The West Loop Creditors seek a declaration that they presently hold a direct claim under the promissory note against the estate of Implant Sciences, as evidenced by duly filed and supported proofs of claim; or, in the alternative, specific performance of their unqualified right to DMRJ's endorsement to them of the promissory note, to foreclose their security interest against their collateral – including the promissory note and its proceeds – and other declaratory and related relief, including to collect and apply proceeds of the promissory note toward payment of their claims.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction to consider this proceeding under 28 U.S.C. §§ 157 and 1334(b) and (e)(1), and 1332.  This is a core proceeding under 28 U.S.C. § 157(b) because it seeks to determine rights in and to property of Implant Sciences' bankruptcy estate.  To the extent an independent basis of jurisdiction is required for claims against DMRJ, the Court has jurisdiction of such claims under 28 U.S.C. § 157(c) because such claims arise in and are "related to" the Debtors' bankruptcy cases in that this case will determine whether DMRJ or the West Loop Creditors are the legal holder of the promissory note, and will determine the extent to which these respective claimants are entitled to payment from property of the bankruptcy estates, that is, from proceeds of the promissory note.  In the further alternative, this case is between plaintiffs and defendants who are citizens of different states, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  Venue of this proceeding in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3.      The legal predicates for the relief requested herein are Bankruptcy Code sections 105(a), 363, 541, 546, 1107(a), and 1108.  This proceeding has been commenced in accordance with Rule 7001(2) of the Federal Rules of Bankruptcy Procedure (the "**FRBP**").

4.      Pursuant to Rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the West Loop Creditors consent to the entry of a final judgment or order with respect to this proceeding if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

5.      This Court has jurisdiction over DMRJ because it is a Delaware limited liability company, has appeared in the captioned jointly-administered main bankruptcy cases, filed proofs of claim against these Debtors, has actively participated and sought relief in these bankruptcy cases; and has, upon information and belief, on multiple other occasions otherwise purposely availed itself of privileges of doing business and pursuing legal relief in Delaware.

## PARTIES

6.      West Loop South LLC ("**West Loop**") is a limited liability company organized under the laws of the State of Texas.  It maintains its principal office at 6300 West Loop South, Suite 100, Bellaire, Texas 77401.

7.      Epocs Real Estate Partnership, Ltd. ("**Epocs**") is a limited partnership organized under the laws of the State of Texas.   It maintains its principal office at 6300 West Loop South, Suite 100, Bellaire, Texas 77401.

8.      DMRJ is a limited liability company organized under the laws of the state of Delaware and may be served through its registered agent at VCorp Services, LLC, 1013 Centre Road, Suite 403-B, Wilmington, DE 19805.   On information and belief, DMRJ does not have

any current employees.  Rather, it is owned, controlled and managed by its sole member, PPVA. PPVA is the subject of a liquidation proceeding pending in the Court of the Grand Cayman Islands (the "**Cayman Proceeding**"), and there are Joint Official Liquidators appointed in that proceeding who may be served on its behalf if necessary or desirable. The law firm of Holland & Knight LLP represents DMRJ and PPVA in these bankruptcy cases and also represents the Joint Official Liquidators in the Cayman Proceeding.

9.      Implant Sciences, one of the debtors and debtors in possession herein, on information and belief, is a Massachusetts corporation.  It has appeared through counsel, and may be served through such counsel.

## FACTS

10.      As further detailed below, as of December 28, 2015,  PPVA had defaulted on debt obligations owed to the West Loop Creditors by failing to pay them in full when due, although it did continue to pay interest through May 2016.  Thereafter, the West Loop Creditors, PPVA, and DMRJ entered into a certain Forbearance and Security Agreement dated July 5, 2016 (the "**Forbearance Agreement**") in which DMRJ, among other things, guaranteed obligations owed to the West Loop Creditors by PPVA and others, also as further detailed below.

11.      To secure its guaranty, DMRJ also granted the West Loop Creditors a first priority security interest in, and all rights to payment under, a certain Senior Secured Convertible Promissory Note dated September 5, 2012 in the original principal amount of $12,000,000 (the "**2012 Note**") issued to DMRJ by Implant Sciences in connection with transactions otherwise unrelated to this proceeding.

12.      Thereafter, PPVA defaulted by failing to pay its obligations to the West Loop Creditors and DMRJ defaulted by failing to pay when due the amount owed under its guaranty of

those obligations.  By letter dated November 30, 2016, the West Loop Creditors served written notice of default, a demand upon DMRJ not to interfere with their right to pursue payment on the 2012 Note, and notice and instruction to DMRJ that any funds it might receive under or in respect of the 2012 Note it would hold in trust for their benefit.

13.    Implant Sciences, the issuer of the 2012 Note, is a debtor in these chapter 11 proceedings in Case No. 16-12238 (BLS) (the "**Bankruptcy Case**").  Events in the Bankruptcy Case have resulted in funds being available to pay the 2012 Note, with interest as agreed, in full. Based on their proofs of claim and other actions taken by the West Loop Creditors in the Bankruptcy Case, the Bankruptcy Court has ordered Debtors to set aside, and Debtors have set aside, an amount of funds the interested parties have identified as the "2012 Note Reserve" (the "**2012 Note Reserve**") for the benefit of the West Loop Creditors, DMRJ and PPVA, as their interests may be determined.  [D.I. 752]  But the Bankruptcy Court has expressly not ruled on the validity, extent, entitlement to payment or the source of payment on the West Loop Creditors' proofs of claims, to which the Debtors have objected as being secured claims against DMRJ and not direct claims against Implant Sciences, and on which a hearing, to which DMRJ is not and cannot be a party, is presently scheduled on June 28, 2017.

14.    Negotiations are presently taking place among the interested parties in an attempt to create an escrow fund for the 2012 Note Reserve.  Pending the success or failure of those negotiations, proceeds of the 2012 Note sufficient to pay the entire guaranteed indebtedness owed to the West Loop Creditors are to be held by Implant Sciences and its co-debtors in a segregated debtor-in-possession account for the benefit of these claimants as their interests may ultimately be determined.

### A.  Value Supplied to DMRJ under the Inventory Purchase and Sale Transactions

15.     In the Forbearance Agreement, DMRJ and PPVA acknowledged their joint and several liability on the debts owed to the West Loop Creditors, which arose as follows.  As evidenced by that certain Promissory Note dated as of August 12, 2015 (the "**PPVA Note**"), (a) Epocs made loans to PPVA in the principal sum of $2,520,386.84; and (b) West Loop sold merchandise on credit to MEE Direct, LLC ("**MEE**"), an affiliate of or company otherwise related to PPVA, the current $2,569,716.84 balance of which, after accounting for  the accrual of interest and a principal reduction of $100,000, which became due and payable but which MEE was unable to pay.  In order to finance MEE's debts and allow it to continue in business, PPVA assumed the obligation, and (c) pursuant to that certain Inventory Purchase and Sale Agreement dated as of October 13, 2015, PPVA guaranteed debt that totaled $2,065,773.48 for purchases of merchandise sold by West Loop to TC Ops, LLC, an affiliate of or company otherwise related to PPVA, which was engaged in the business of importing and selling clothing, including that sold to TC Ops, LLC by West Loop.

16.     PPVA itself then became unable to pay the obligations it owed to the West Loop Creditors.  PPVA arranged for its wholly-owned and managed subsidiary, DMRJ, to guaranty the entire outstanding amount.  In addition to assuming joint and several liability on the debts with recourse limited to the proceeds of the 2012 Note, DMRJ induced the West Loop Creditors to forbear collection activity until October 31, 2016, with the grant of a security interest in all of DMRJ's interest in the 2012 Note and its proceeds and delivered to them an original, manuscript-executed "Duplicate Replica" of the 2012 Note, of which the West Loop Creditors continue to have possession.  The West Loop Creditors understand that the Duplicate Replica was issued because the original note had been lost,

17.     In sum, the underlying debts guaranteed by DMRJ arose from inventory sales and financing provided by the West Loop Creditors to and for the benefit of its parent PPVA and the parties whose debts PPVA assumed and became responsible to pay.  The debts accrue interest and other charges as provided in the documents evidencing the debts.

18.     The 2012 Note, originally maturing on March 31, 2013, was duly and effectively extended a number of times through final maturity which was to and did occur on October 31, 2016, pursuant to a series of Omnibus Amendments.  *See* Exhibit 2 described below, and Omnibus Amendment documents publicly available under references to Implant Sciences at *www.sec.gov*.

19.     In the Bankruptcy Case, Implant Sciences scheduled the amount due DMRJ under the 2012 Note as an undisputed, non-contingent, secured liability in the liquidated amount of $18,260,900.44.  DMRJ filed proofs of claims for secured claims in unliquidated amounts which were logged as Claims Nos. 136-144 in the official Claims Register.

20.     DMRJ has acknowledged in writing that as of October 31, 2016, the guaranteed debt due the West Loop Creditors was $7,698,745.74.  When payment was due and not received, and when PPVA's liquidation in Grand Cayman became known, the West Loop Creditors sent DMRJ a notice of default and a demand that DMRJ not interfere with their collection under the 2012 Note.

21.     Attached and incorporated by this reference are: Exhibit 1, the Forbearance and Security Agreement dated July 5, 2016; Exhibit 2, the Duplicate Replica 2012 Note with the accompanying cover letter dated March 7, 2016 from Implant Sciences' Chief Financial Officer Roger P. Deschenes, and Exhibit 3, the notice of default and demand letter issued to DMRJ.

22.     The Forbearance Agreement provides, *inter alia*:

> DMRJ hereby guarantees that it shall be jointly and severally liable for repayment of the Obligations to the [West Loop] Creditors but, for such purpose, DMRJ's liability shall be limited to DMRJ's rights and remedies (including without limitation proceeds) under the [2012] Note. Without limiting the foregoing, for purposes of securing the Obligations, DMRJ hereby grants to the [West Loop] Creditors a first priority security interest in and to all of DMRJ's rights and remedies under the [2012] Note, *including without limitation in and to all payments and proceeds from the maker (Implant Sciences Corporation) thereunder*. The Creditors shall have the right to make applicable UCC filings with respect to the foregoing, *and Platinum and DMRJ shall cooperate with respect thereto, including without limitation by delivering to the Creditors the original signed version of the Secured Note as necessary to perfect such security interest.*

(Emphasis added).

23.     The West Loop Creditors' Proofs of Claim were logged as Claims Nos. 69-74 in the official Claims Register, and are incorporated by reference.

## COUNT 1

### Determination of the Validity, Extent and Priority of the West Loop Creditors' Lien, Interest In, and Right to Payment under, the 2012 Note (11 U.S.C. §§ 541, 503)

24.     The West Loop Creditors incorporate and reallege each preceding paragraph.

25.     The West Loop Creditors hold a first priority, duly perfected security interest in, and superior right to payment under, the 2012 Note.  The West Loop Creditors have a present, noncontingent right to enforce payment of the portion of the 2012 Note equaling their debt, with interest continuing to accrue *per diem,* directly from the bankruptcy estate in the Bankruptcy Case, or wherever else the proceeds may be held.

26.     Until the West Loop Creditors receive full payment of the guaranteed indebtedness, DMRJ is entitled to receive no portion of the 2012 Note or its proceeds.  For avoidance of doubt, the West Loop Creditors do not assert claims against the proceeds of the 2012 Note for more than the amount they are owed, and are not seeking to collect from the

bankruptcy estate until the bankruptcy estate is ready to disburse the funds pursuant to further order of the Bankruptcy Court, or the automatic stay no longer prevents payment out of Implant Sciences' bankruptcy estate.

27.     As of April 21, 2017, $8,113,477.82 was due the West Loop Creditors under the Forbearance Agreement and the 2012 Note.  The Forbearance Agreement grants to the West Loop Creditors the right to receive payment directly from Implant Sciences.  Indeed, the guaranty in the Forbearance Agreement is nonrecourse against DMRJ, so recovery requires collection from the maker of the 2012 Note, or proceeds payable thereunder, *i.e.*, the 2012 Note Reserve.

## COUNT 2

**Specific Performance in Enforcement of Security Interest (NY CLS UCC § 3-201(3) (2017)**

28.     The West Loop Creditors incorporate and reallege each preceding paragraph.

29.     The West Loop Creditors seek enforcement of the Forbearance Agreement. Although it is silent as to the law applicable to the parties' agreement, the 2012 Note recites that it is to be governed by and construed in accordance with the internal laws of the State of New York, without giving effect to any of the conflicts of law principles which would result in the application of the substantive laws of another jurisdiction.  For present purposes, the West Loop Creditors are willing to assume the applicability of New York law.

30.     Under New York law, unless otherwise agreed, any transfer for value of an instrument not then payable to bearer gives the transferee the specifically enforceable right to have the unqualified indorsement of the transferor.  NY CLS UCC § 3-201(3) (2017).

31.     The 2012 Note was made payable to the order of DMRJ, not to bearer.  Here, the express terms of the Forbearance Agreement, coupled with the language of conveyance

delivering physical possession of the original Duplicate Replica 2012 Note to perfect the security interest granted therein, supply a sufficient basis for the West Loop Creditors to require payment to them directly from Implant Sciences, the maker of the 2012 Note.  If any additional endorsement is necessary, then the West Loop Creditors seek specific performance of their unqualified right to obtain the endorsement of DMRJ on the 2012 Note.

32.     The West Loop Creditors also seek relief preventing DMRJ from interfering in any manner with their direct right of collection from this bankruptcy estate or wherever the proceeds of the 2012 Note may reside, under the Forbearance Agreement and applicable law.

## COUNT 3

**Objection to DMRJ's Claims, Request to Enforce Subordination Agreement and, in the Alternative, for Equitable Subordination (11 U.S.C. § 510(a) and (c))**

33.     The West Loop Creditors incorporate and reallege each preceding paragraph.

34.     The West Loop Creditors assert, on information and belief, that, having lost the original 2012 Note, DMRJ does not have an original, and that the West Loop Creditors have physical possession of the only "original" of the 2012 Note.  The West Loop Creditors object to any payment being made to or for the benefit of DMRJ on account of claims under the 2012 Note until the West Loop Creditors are paid in full on the amount presently due and owing, not less than $8,113,477.82 as of April 21, 2017, together with *per diem* interest until paid.

35.     Under the Bankruptcy Code, a subordination agreement is enforceable to the same extent that it is enforceable under applicable non-bankruptcy law.  Pursuant to the Forbearance Agreement, DMRJ agreed that, after default, the West Loop Creditors would enjoy a superior right in and to all of DMRJ's rights and remedies under the [2012 Note], "***including without limitation in and to all payments and proceeds from the maker (Implant Sciences Corporation)***

*thereunder*."    Accordingly, pursuant to section 510(a), the West Loop Creditors seek enforcement of the subordination agreement executed in their favor by DMRJ.

36.    In the alternative, as a result of the acts described above, and others, the West Loop Creditors seek to equitably subordinate all of DMRJ's claims against Debtors under the 2012 Note, pursuant to 11 U.S.C. § 510(c).  DMRJ's actions constitute inequitable conduct and misconduct by DMRJ, which threaten to cause harm to and injure the West Loop Creditors and confer an unfair advantage upon DMRJ.  Equitable subordination of all of DMRJ's claims will prevent the occurrence of injustice or unfairness in the administration of this bankruptcy estate and is not inconsistent with the provisions of the Bankruptcy Code.

## COUNT 4

### Request for Declaratory Relief (28 U.S.C. § 2201)

37.    The West Loop Creditors incorporate and re-allege each preceding paragraph.

38.    A complaint for declaratory relief pursuant to FRBP 7001(9) can provide the same relief as is available to a plaintiff pursuant to FRBP 7001(1), (2) and (7).  FRBP 7001(9) provides that a declaratory judgment can include "a proceeding to obtain a declaratory judgment relating to any of the foregoing," *i.e.,* any of the adversary proceeding types delineated in FRBP 7001(1) through (8).  The West Loop Creditors seek declaratory relief to the extent necessary to provide the same relief available pursuant to their other substantive causes of action.

39.    The West Loop Creditors reserve the right to amend this Complaint.

## PRAYER FOR RELIEF

For these reasons, the West Loop Creditors seek judgment against DMRJ granting the following relief:

(a)     prohibiting or conditioning any disbursement of funds to DMRJ or on its claims, or the claims held by any affiliate or assign of DMRJ, or in accordance with any instructions received from DRMJ or anyone acting for or in concert with DMRJ, until the Court has fully adjudicated the validity, extent and priority of the West Loop Creditors' claims and DMRJ's claims;

(b)     granting adequate protection to the interests of the West Loop Creditors in all proceeds of the 2012 Note and 2012 Note Reserve;

(c)     disallowing the claims of DMRJ or subordinating them to those of the West Loop Creditors;

(d)     preventing disbursement of any funds to, for the benefit of, or at the direction of DMRJ until it produces the original of the 2012 Note underlying its claims;

(e)     enforcing the West Loop Creditors' security interest in the 2012 Note and its proceeds, including the 2012 Note Reserve;

(f)     in the absence of a right to legal subordination, equitably subordinating the DMRJ claims so they are paid behind those of the West Loop Creditors' claims;

(g)     enforcing specific enforcement of the West Loop Creditors' right to an unqualified endorsement of the 2012 Note in their favor by DMRJ, and enforcing foreclosure upon the 2012 Note and its proceeds, including the 2012 Note Reserve;

(h)     declaratory relief consistent with the foregoing;

(i)     actual damages, exemplary damages, pre- and post-judgment interest on all amounts recovered in this adversary proceeding from DMRJ;

(j)     reasonable attorneys' fees and costs of Court; and

(k)     all other legal and equitable relief to which the West Loop Creditors are entitled.

Date:  June 14, 2017

**STEVENS & LEE, P.C.**

*/s/ Joseph H. Huston, Jr.*

Joseph H. Huston, Jr. (No. 4035)
John D. Demmy (No. 2802)
Jason D. Angelo (No. 6009)
919 North Market Street, Suite 1300
Wilmington, DE  19801
Tel.: (302) 425-3310;-3308;-3311
Facsimile: (610) 371-7972
Email: jhh/jdd/jda@stevenslee.com

*-and-*

Mark S. Finkelstein
**SHANNON, MARTIN, FINKELSTEIN,
ALVARADO & DUNNE, P.C.**
1001 McKinney Street, Suite 1100
Houston, Texas 77002
Tel.: (713) 646-5503
Facsimile: (713) 752-0337
Email: mfinkelstein@smfadlaw.com
(admitted *pro hac vice*)

***Attorneys for West Loop South LLC and
Epocs Real Estate Partnership, Ltd.***