UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| FIAC CORP., *et al.*, | Case No. 16-12238 (BLS) |
| | Jointly Administered |
| Debtors. | |

----------------------------------------------------X

| | |
|---|---|
| WEST LOOP SOUTH LLC AND EPOCS REAL ESTATE PARTNERSHIP, LTD., | |
| Plaintiffs, | Adversary Proceeding No. 17-50556 (BLS) |
| v. | |
| SECURE POINT TECHNOLOGIES INC. (f/k/a IMPLANT SCIENCES CORPORATION) | |
| and | |
| DMRJ GROUP LLC, | |
| Defendants. | |

----------------------------------------------------X

## DECLARATION OF BARBRA R. PARLIN IN SUPPORT OF DMRJ GROUP LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS ADVERSARY PROCEEDING OR, IN THE ALTERNATIVE, ABSTAIN

BARBRA R. PARLIN, under penalty of perjury under the laws of the United States of America, declares as follows:

1. I am an attorney admitted to the bar of the Courts of the States of New York and New Jersey, the United States District Courts for the Southern and Eastern Districts of New York and the District of New Jersey, the Second Circuit Court of Appeals, the U.S. Supreme Court and

pro hac vice to this Court for purposes of this case. I am a member of the firm Holland & Knight LLP, counsel to Matthew Wright and Christopher Barnett Kennedy in their capacities as Joint Official Liquidators (the "**Liquidators**") of Platinum Partners Arbitrage Fund L.P. (in Official Liquidation) ("**PPVA**") and to PPVA's subsidiary, DMRJ Group LLC ("**DMRJ**") in connection with the above-captioned adversary proceeding.

2.  I respectfully submit this declaration in support of *DMRJ Group LLC's Motion to Dismiss Adversary Proceeding or, in the Alternative, Abstain* and *DMRJ Group LLC's Memorandum in Support of Motion to Dismiss Adversary Proceeding or, in the Alternative, Abstain*.

3.  Based on my review of the books and records of DMRJ and PPVA and documents filed in the PPVA Cayman Proceeding, I understand that (a) DMRJ is a Delaware limited liability company whose sole member is PPVA; (b) PPVA is a limited partnership organized under the law of the Cayman Islands, and (c) PPVA's limited partners are Platinum Partners Value Arbitrage Fund (USA) LP, a Delaware limited partnership, and Platinum Partners Value Arbitrage Fund (International) Limited – In Official Liquidation, a Cayman Islands exempted limited liability company (collectively, the "**Platinum Feeder Funds**"), both of which in turn include as limited partners and/or shareholders individuals from many states, including Texas.

4.  The claims alleged by West Loop South LLC ("**West Loop**") and Epocs Real Estate Partnership Ltd. ("**Epocs**" and, collectively with West Loop, the "**West Loop Parties**") against DMRJ arise out of a July 5, 2016 Forbearance and Guaranty Agreement (the "**Alleged Guaranty**"), allegedly entered into by the West Loop Parties, DMRJ and PPVA. Specifically, the Alleged Guaranty provides that DMRJ would guaranty on a limited, non-recourse basis certain

outstanding obligations that PPVA either owed or itself had guaranteed for the benefit of the West Loop Parties.

5. The underlying obligations that are the subject of the Alleged Guaranty are: (i) $2,520,386.84 in principal allegedly loaned to PPVA by Epocs pursuant to an August 12, 2015 promissory note (the "**August 12 PPVA Note**"); (ii) $2,569,716.84 for merchandise allegedly sold on credit by West Loop to an entity called MEE Direct, LLC, which obligation purportedly was assumed by PPVA; and (iii) $2,065,773.48 for merchandise allegedly sold by West Loop to an entity called TC Ops LLC pursuant to an October 13, 2015 Inventory Purchase and Sale Agreement (the "**Inventory Agreement**"), which amounts likewise purportedly were guaranteed by PPVA. *See* Complaint at ¶ 15.

6. On December 6, 2016, the West Loop Parties filed their proofs of claim in the above-captioned cases ("**West Loop Proofs of Claim**"), attaching copies of the August 12 PPVA Note, two August 19, 2015 letter agreements related thereto, the Inventory Purchase Agreement, and the October 29 and November 5, 2015 amendments thereto to the proofs of claim they filed in these cases. *See* Claims Nos. 69-74. For the convenience of the Court, each of the documents referenced above is attached hereto as follows:

7. Attached as **Exhibit A** is a true and correct copy of the Alleged Guaranty.

8. Attached as **Exhibit B** is a true and correct copy of the August 12 PPVA Note.

9. Attached as **Exhibit C** is a purported August 19, 2015 letter agreement between Epocs and PPVA.

10. Attached as **Exhibit D** is a purported August 19, 2015 letter agreement between West Loop and PPVA.

11. Attached as **Exhibit E** is a true and correct copy of the Inventory Agreement.

#52101272_v2

12. Attached as **Exhibit F** is a true and correct copy of the October 29, 2015 First Amendment to the Inventory Agreement.

13. Attached as **Exhibit G** is a true and correct copy of the November 5, 2015 Second Amendment to the Inventory Agreement.

14. On June 2, 2017, DMRJ commenced an action against the West Loop Parties in the Supreme Court for the State of New York, Index no. 653019/2017 by filing a summons ("**New York Summons**") and complaint ("**New York Complaint**").

15. On June 12, 2017, counsel for DMRJ forwarded a copy of the New York Complaint, the exhibits thereto and the New York Summons to counsel for the West Loop Parties. A true and correct copy of the June 12, 2017 email from Warren Gluck to Mark Finkelstein, attachments included, is attached hereto as **Exhibit H**.

16. The New York Summons and the New York Complaint were served on the West Loop Parties on June 14, 2017. Attached as **Exhibit I** is a true and correct copy of proof of service of the New York Summon and the New York Complaint.

Pursuant to Section 1746 of Title 28 of the United States Code, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: July 10, 2017

*/s/ Barbra R. Parlin*
BARBRA R. PARLIN