## EXHIBIT 1

**(Stipulation)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FIAC Corp., *et al.*,[1] | ) Case No. 16-12238 (BLS) |
| | ) |
| *Debtors.* | ) (Jointly Administered) |
| | ) |
| West Loop South LLC and Epocs | ) |
| Real Estate Partnership, Ltd., | ) |
| | ) |
| *Plaintiffs,* | ) Adv. Pro. No.  17-50556 (BLS) |
| v. | ) |
| | ) |
| Secure Point Technologies, Inc. (f/k/a Implant | ) |
| Sciences Corporation) | ) |
| | ) |
| -and- | ) **Related to Docket Nos. 1, 6-8, 11-12 & 14-15** |
| | ) |
| DMRJ Group LLC, | ) |
| *Defendant*s. | ) |
| | ) |

**STIPULATION TO DISMISS THE COMPLAINT WITHOUT PREJUDICE
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41 AND
FEDERAL RULE OF BANKRUPTCY PROCEDURE 7041, AND FOR OTHER RELIEF**

Plaintiffs West Loop South LLC and Epocs Real Estate Partnership, Ltd. (together, the

"West Loop Parties"), Stephen S. Gray, the Liquidating Trustee (the "Trustee") appointed to act

on behalf of defendant Secure Point Technologies, Inc. (f/k/a Implant Sciences Corporation)

("Secure Point"), and defendant DMRJ Group LLC ("DMRJ"), through their undersigned

counsel, stipulate and agree as follows:

1.      On June 14, 2017, the West Loop Parties initiated this adversary proceeding by

filing their *Complaint to, Among Other Things, Determine the Validity, Priority, and Extent of a*

*Lien Upon, or Other Interest In, Property of the Bankruptcy Estate* against Secure Point and

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: FIAC Corp. (f/k/a IMX Acquisition Corp.) (9838); Secure Point Technologies, Inc. (f/k/a Implant Sciences Corporation) (7126); FCAC Corp. (f/k/a C Acquisition Corp.) (8021); FASIC Corp. (f/k/a Accurel Systems International Corporation) (3856).  The Debtors' headquarters are located at 215 Depot Ct. SE, Suite #212, Leesburg, VA 20175.

DMRJ [Adv. Dkt. No. 1] (the "Complaint").

2.      On July 10, 2017, DMRJ filed and served its motion to dismiss the Complaint and supporting memorandum of law and declaration [Adv. Dkt. Nos. 6, 7, & 8], and on July 14, 2017, Secure Point filed and served its motion to dismiss the Complaint and supporting memorandum of law [Adv. Dkt. Nos. 11 & 12] (together, the "Motions to Dismiss").

3.      The West Loop Parties, Secure Point, and DMRJ (collectively, the "Parties") previously had agreed to extend the time within which the West Loop Parties must respond to the Motions to Dismiss, and a stipulation [Adv. Dkt No. 14] (the "First Extension") embodying that agreement was approved by the Court's order dated July 26, 2017 [Adv. Dkt. No. 15].

4.      Counsel for the Parties entered into a second agreement on August 9, 2017 [Adv. Dkt. No. 16], (the "Second Extension" and together with the First Extension, the "Extensions") by which they agreed that the time within which the West Loop Parties must respond to the Motions to Dismiss would be further extended through and including August 21, 2017, and that the time within which Secure Point and DMRJ must file their replies, if any, would be further extended through and including August 31, 2017.   The Second Extension was filed with the Court and is pending.

5.      The Extensions provided the Parties with additional time within which to complete the execution, delivery and funding of the agreement (the "Escrow Agreement") creating an escrow account (the "Escrow Account") into which the "2012 Note Reserve" would be deposited, as provided in the Settlement Order entered by this Court on June 5, 2017 [Bkcy. Dkt. No. 752].   The West Loop Parties and DMRJ have now executed the Escrow Agreement with Citibank, N.A. acting as escrow agent (the "Escrow Agent"), and the Debtors have deposited the 2012 Note Reserve into the Escrow Account.   The Escrow Agreement governs, among other things, the deposit, investment and terms for disbursement of the 2012 Note Reserve and the earnings thereon.

6.      While the Settlement Order was being negotiated, DMRJ commenced an action

on June 2, 2017, captioned *DMRJ Group LLC v. West Loop South LLC and Epocs Real Estate Partnership, Ltd.,* Index No. 653019/2017, in the Supreme Court of the State of New York, County of New York (the "State Court Action").   On June 12, 2017, DMRJ's counsel emailed a copy of the summons and complaint in the State Court Action to the undersigned counsel for the West Loop Parties.  DMRJ contends that the summons and complaint in the State Court Action were served on the West Loop Parties on June 14, 2017, the same day that the West Loop Parties contend that the summons and Complaint in this adversary proceeding were served on DMRJ. [Adv. Dkt. No. 4, Affidavit/Declaration of Service.]

7.      Rather than be engaged in two lawsuits arising out of the same nucleus of operative facts, the West Loop Parties--based on a number of considerations, including efficiency and judicial economy--have decided and agreed with DMRJ and the Trustee to voluntarily dismiss the present action without prejudice and for the West Loop Parties and DMRJ to present their claims, causes of action, remedies and defenses in the State Court Action.

8.      Accordingly, subject to the Court's approval, the West Loop Parties, DMRJ and the Trustee hereby stipulate as follows:

## STIPULATION

9.      Subject to the Court's approval, the Complaint shall be and hereby is voluntarily dismissed without prejudice, with each party to bear its own costs and attorneys' fees arising out of this adversary proceeding.   The West Loop Parties covenant not to refile the Complaint in the above-captioned Bankruptcy Case, following its dismissal without prejudice.

10.     The Motion to Dismiss and supporting memorandum of law and declaration of DMRJ [Adv. Dkt. Nos. 6, 7, & 8] are hereby withdrawn as moot.  The Motion to Dismiss and supporting memorandum of law of Secured Point [Adv. Dkt. Nos. 11 & 12] are hereby withdrawn as moot.

11.     This Stipulation is not intended to and shall not adversely affect or impair, and is without prejudice to the rights, if any, of the West Loop Parties and DMRJ to pursue any and all

- 3 -

claims, causes of action, remedies, or defenses that were asserted or could have been asserted in this adversary proceeding or in the State Court Action in the absence of the Court's approval of this Stipulation.

12.     Each Party represents and warrants that it has full power and authority to enter into and perform under this Stipulation.

13.     This Stipulation may be executed in one or more counterparts, each of which when taken together will constitute one and the same Stipulation.  Counterpart signatures exchanged by facsimile or email shall be deemed originals for all purposes.

14.     This Stipulation shall be binding upon the Parties upon entry of the Order approving it, and may not be amended without the prior written consent of the Parties.

15.     The Trustee is authorized and empowered to take all actions necessary on behalf of Secure Point to implement this Stipulation.

16.     The Court retains jurisdiction with respect to the implementation, interpretation, or enforcement of this Stipulation.

**WHEREFORE**, the Parties respectfully request that the Court, at its earliest convenience, enter an order substantially in the form attached as **Exhibit A** approving this Stipulation.

[*Space intentionally blank; signature page follows*]

Dated: August 17, 2017
          Wilmington, Delaware

**STEVENS & LEE, P.C.**


*/s/ Joseph H. Huston, Jr.*
Joseph H. Huston (No. 4035)
Jason Daniel Angelo (No. 6009)
919 North Market St., Suite 1300
Wilmington, Delaware 19801
Telephone: (302) 425-3310
Facsimile: (610) 371-7972
Email:     jhh/jda@stevenslee.com


          *-and-*

**SHANNON, MARTIN, FINKELSTEIN,
ALVARADO & DUNNE, P.C.**
Mark S. Finkelstein
(admitted *pro hac vice*)
1001 McKinney Street, Suite 1100
Houston, Texas 77002
Telephone: (713) 646-5503
Facsimile: (713) 752-0337
Email:     mfinkelstein@smfadlaw.com


*Attorneys for West Loop South LLC and Epocs
Real Estate Partnership, Ltd*

**SAUL EWING LLP**


*/s/ Monique B. DiSabatino*
Mark Minuti (DE Bar No. 2659)
Monique B. DiSabatino (DE Bar No. 6027)
1201 North Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE  19899
Telephone:     (302) 421-6840
Email:         mminuti@saul.com
               mdisabatino@saul.com


          *-and-*

**BROWN RUDNICK LLP**
William R. Baldiga *(pro hac vice)*
Gerard T. Cicero *(pro hac vice)*
Seven Times Square
New York, NY 10036
Telephone:     (212) 209-4800
Email:         wbaldiga@brownrudnick.com
               gcicero@brownrudnick.com


          *-and-*


Sunni P. Beville *(pro hac vice)*
One Financial Center Boston,
MA  02111
Telephone:     (617) 856-8200
Email:         sbeville@brownrudnick.com


*Counsel to Stephen S. Gray as Liquidating Trustee of
Secure Point Technologies, Inc.*

**ARCHER & GREINER, P.C.**

*/s/ Alan M. Root*
Alan M. Root (No. 5427)
300 Delaware Avenue, Suite 1100
Wilmington, Delaware 19801
Telephone:    (302) 777-4350
Email:         aroot@archerlaw.com

    *-and-*

**HOLLAND & KNIGHT LLP**
Barbra R. Parlin
31 West 52nd Street
New York, NY 10019
Telephone:    (212) 513.3210
Facsimile:    (212) 385.9010
Email:         barbra.parlin@hklaw.com

*Attorneys for DMRJ Group LLC*

**<u>Exhibit A</u>**

**(Proposed Order)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FIAC Corp., *et al.*,[2] | ) Case No. 16-12238 (BLS) |
| | ) |
| *Debtors.* | ) (Jointly Administered) |
| | ) |
| West Loop South LLC and Epocs | ) |
| Real Estate Partnership, Ltd., | ) |
| | ) |
| *Plaintiffs,* | ) Adv. Pro. No.  17-50556 (BLS) |
| v. | ) |
| | ) |
| Secure Point Technologies, Inc. (f/k/a Implant | ) |
| Sciences Corporation) | ) |
| | ) |
| -and- | ) **Related to Docket Nos. 1, 6-8, 11-12 & 14-16** |
| | ) |
| DMRJ Group LLC, | ) |
| *Defendant*s. | ) |
| | ) |

**ORDER APPROVING STIPULATION TO DISMISS COMPLAINT WITHOUT**
**PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41 AND**
**FEDERAL RULE OF BANKRUPTCY PROCEDURE 7041 AND FOR OTHER RELIEF**

Plaintiffs West Loop South LLC and Epocs Real Estate Partnership, Ltd. (together, the

"West Loop Parties"),[3] Stephen S. Gray, the Liquidating Trustee (the "Trustee") appointed to act

on behalf of defendant Secure Point Technologies, Inc. (f/k/a Implant Sciences Corporation)

("Secure Point"),, and defendant DMRJ Group LLC ("DMRJ"), having entered into the

*Stipulation to Dismiss the Complaint Without Prejudice pursuant to Civil Rule 41 and*

*Bankruptcy Rule 7041, and for Other Relief* attached to this Order as **Exhibit 1** (the

"Stipulation"); and the Court having reviewed the Stipulation and having determined that good

---

[2] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: FIAC Corp. (f/k/a IMX Acquisition Corp.) (9838); Secure Point Technologies, Inc. (f/k/a Implant Sciences Corporation) (7126); FCAC Corp. (f/k/a C Acquisition Corp.) (8021); FASIC Corp. (f/k/a Accurel Systems International Corporation) (3856).  The Debtors' headquarters are located at 215 Depot Ct. SE, Suite #212, Leesburg, VA 20175.

[3] Capitalized terms not otherwise defined herein are defined in the Stipulation of Dismissal.

cause exists for approving same:

**IT IS HEREBY ORDERED THAT**

1.  The Stipulation is approved and all relief requested therein is granted.

2.  The Complaint is hereby dismissed without prejudice.

3.  The Motion to Dismiss and supporting memorandum of law and declaration filed by DMRJ [Adv. Dkt. Nos. 6, 7, & 8] are withdrawn as moot.

4.  The Motion to Dismiss and supporting memorandum of law filed by Secure Point [Adv. Dkt. Nos. 11 & 12] are withdrawn as moot.

5.  Each Party shall bear its own costs and attorneys' fees incurred in connection with this adversary proceeding.

6.  The parties are hereby authorized to take any and all actions reasonably necessary to effectuate the terms of the Stipulation.

7.  This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this order.

Dated: August ___, 2017
       Wilmington, Delaware

 

**HONORABLE BRENDAN L. SHANNON**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**